```
                IN THE UNITED STATES BANKRUPTCY COURT
                  FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                          )
                                )    Chapter 7
ANN ASHBY,                      )
                                )
     Debtor.                    )    Bankruptcy No. 05-05779
------------------------------
SHERYL L. SCHNITTJER, in her    )
sole capacity as Trustee        )
                                )    Adversary No. 06-9123
     Plaintiff,                 )
                                )
vs.                             )
                                )
JOHN ASHBY a/k/a Jack Ashby;    )
CORRINE G. ASHBY; ANN ASHBY     )
a/k/a Ann E. Ashby,             )
                                )
     Defendants.                )
```

**ORDER RE TRUSTEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

On October 6, 2006, the above-captioned matter came on for hearing on a Motion for Partial Summary Judgment filed by Plaintiff in this adversary proceeding. Hearing was held by telephone conference call. Plaintiff/Trustee appeared personally with her attorney, Eric Lam. Defendants John Ashby and Corrine Ashby were represented by Attorneys Ray Terpstra and Natalie Ditmars. The matter was argued after which the Court took the matter under advisement. The parties elected not to file further briefs. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 547 and 550. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

**STATEMENT OF THE CASE**

This adversary proceeding was filed by the Chapter 7 Trustee against Debtor and Debtor's parents seeking avoidance and turnover of alleged preferences, consisting of property and cash payments made by Debtor within one year prior to the filing of the Chapter 7 petition. Defendants pled defenses under § 547(c)(1), contemporaneous exchange for new value, and § 547(c)(2), ordinary course transfers.

Debtor Ann Ashby (Ann) filed her Chapter 7 petition on October 11, 2005. Sheryl Schnittjer was appointed as the Chapter

7 Trustee.  On July 7, 2006, the Trustee filed this adversary naming John Ashby (John), Corrine Ashby (Corrine) and Ann Ashby as Defendants.  The complaint is denominated as "Complaint for Turnover, to Recover Preference, to Determine Lien Rights, and For Other Relief".  The complaint seeks relief on two issues.  The first issue forms the basis of Trustee's Complaint for Turnover.  The turnover motion seeks the turnover of what is denominated as a "Fiesta collection".  At the time of filing the complaint, a controversy existed as to whether Defendants John and Corrine held a valid lien interest in this property which was valued at slightly in excess of $800.  The second issue, forming the basis for the Preference Recovery, deals with a loan made by John and Corrine to Debtor Ann Ashby in March of 2005.  Certain payments were made by Ann to John and Corrine within one year of the date of the filing of the petition.  Trustee seeks a determination that these payments were preferences.

At the time of hearing, the Court was advised that all issues relating to the turnover of the "Fiesta collection" were resolved and the only issue remaining for resolution relates to the alleged preferences arising out of the March 2, 2005 loan by John and Corrine to Ann.  More specifically, the issue presented is whether interest payments made by Ann to John and Corrine are payments made on an antecedent debt.

## UNCONTESTED FACTS

Ann is the daughter of John and Corrine.  Ann operated the Lorentz Shoe Store in Iowa City, Iowa.  On March 2, 2005, Ann entered into a loan agreement with her parents, John and Corrine, which provided that John and Corrine would loan Ann $10,000 as of the time of the execution of the loan agreement.  They agreed to loan an additional $65,000 to Ann on April 1, 2005.  The interest on the total sum was set at an annual rate of 6%.  The purpose of the agreement was to provide Ann with sufficient funding to purchase a 100 acre parcel of real estate in Shueyville, Iowa.  The total amount of the purchase price was $450,000.

The agreement provides that Ann would begin making interest-only payments on the 10th of each month.  The first payment was to be due on April 10, 2005 in the amount of $50 and, thereafter, Ann would make interest payments of $375 starting on May 10, 2005.  The principle was to be paid in three lump sums: $25,000 was to be paid on April 10, 2006 with like payments to be made on April 10 of 2007 and 2008.

On March 2, 2005, John and Corrine wrote a $10,000 check to Ann.  In April 2005, John and Corrine wrote a second check to

2

Debtor in the amount of $65,000.  With the exception of several hundred dollars, the total amount loaned to Ann was paid to Midland Escrow toward the purchase of the real estate in question.  After the completion of this transaction, Ann made interest payments to her parents as follows:

| | |
|---|---|
| May 11, 2005 | $   178.22 |
| June 10, 2005 | $   375.00 |
| July 10, 2005 | $   375.00 |
| August 10, 2005 | $   375.00 |
| September 10, 2005 | $   375.00 |
| October 10, 2005 | $   375.00 |
| TOTAL | $2,053.22 |

These payments were interest-only payments and approximate the loan agreement terms entered into on March 2, 2005.  The last payment was made on October 10, 2005.  Ann filed her Chapter 7 petition the following day on October 11, 2005.  The total amount of interest payments made is $2,053.22.  Trustee/Plaintiff asserts that these payments constitute preferences and that no exceptions under 11 U.S.C. § 547 apply in this case.

### PREFERENCE - ELEMENTS

The elements of a preference are set out in 11 U.S.C. § 547 which provides in relevant part:

(a)  In this section–

. . .

(2)  "new value" means money or money's worth in goods, services, or new credit, or release by a transferee of property previously transferred to such transferee in a transaction that is neither void nor voidable by the debtor or the trustee under any applicable law, including proceeds of such property, but does not include an obligation substituted for an existing obligation;

. . .

(b)  Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property–

(1)  to or for the benefit of a creditor;

3

    (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

    (3) made while the debtor was insolvent;

    (4) made--

        . . .

        (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

    (5) that enables such creditor to receive more than such creditor would receive if-

        (A) the case were a case under chapter 7 of this title;

        (B) the transfer had not been made; and

        (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

(c) The trustee may not avoid under this section a transfer--

    (1) to the extent that such transfer was-

        (A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and

        (B) in fact a substantially contemporaneous exchange;

    (2) to the extent that such transfer was in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee, and such transfer was--

        (A) made in the ordinary course of business or financial affairs of the debtor and the transferee; or

    (B) made according to ordinary business terms.

  (2) to the extent that such transfer was--

    (A) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee;

    (B) made in the ordinary course of business or financial affairs of the debtor and the transferee; and

    (C) made according to ordinary business terms.

## ANALYSIS

  The parties are in agreement that all elements of a preference are factually satisfied except for 11 U.S.C. § 547(b)(2).  An examination of all pleadings and documents available to the Court satisfactorily establish that a factual basis exists for such a finding.  John and Corrine are parents of Debtor Ann.  They are insiders as defined in bankruptcy law and are, therefore, subject to the one year reach back provision.  Payments made by Ann to her parents were for the benefit of creditors and were made within one year from the date of the filing of the petition.  Payments were made while Debtor was insolvent and the payments enabled John and Corrine to receive more than they would have received under Chapter 7 of Title 11.

  The parties also stipulate that the defense of ordinary course of business transfers under 11 U.S.C. § 547(c)(2) does not apply in this case.  The record establishes that this was the only loan made by John and Corrine.  The record further reflects that Ann operated a shoe store and had no prior history in real estate.  This transaction was not in the ordinary course.  The Court finds the stipulation of the parties that this defense does not apply is amply supported by this record.

  Finally, the parties agree that the contemporaneous exchange for new value defense under 11 U.S.C. § 547(c)(1) does not apply except to the extent that it may be impacted by the issue of whether the payment of interest constitutes antecedent debt.  Courts often analyze this issue as one of contemporaneous exchange under § 547(c).  <u>In re David Jones Builders, Inc.</u>, 129

B.R. 682 (Bankr. S.D. Fla. 1991). Under either approach, the analysis and result are the same.

The sole issue for resolution, therefore, is whether the interest payments made under these facts constitute payments made on account of antecedent debt. It is well settled in the Eighth Circuit that "a transfer is not an avoidable preference unless it is 'for or on account of an antecedent debt'." 11 U.S.C. § 547(b)(2). A debt is "antecedent" if it was incurred before the allegedly preferential transfer. A debt is incurred "on the date upon which the debtor first becomes legally bound to pay." In re Iowa Premium Svc. Co., 695 F.2d 1109, 1111 (8th Cir. 1982)(en banc). This is cited in In re Jones Truck Lines, Inc., 130 F.3d 323, 329 (8th Cir. 1997).

The difficulty with these definitions lies in how to determine the "date upon which the debtor first becomes legally bound to pay." Several approaches have developed suggesting how to make this determination. The first view holds that Congress intended obligations under § 547(b)(2) to become debt when the debtor originally entered into the underlying obligation to pay. This view is consistent with contract law which provides that all terms of a contract should be interpreted as an integrated whole. It would also provide a bright-line rule of application. If that approach were applied in this case, the Court would find that an interest debt was created when the parties executed their loan agreement on March 2, 2005. See Iowa Premium Svc., 695 F.2d at 1113 (Ross, J., dissenting).

The opposing view holds that such a bright-line rule would cast too large a net. It argues that periodic payments such as interest payments, insurance payments, union dues, ERISA payments, and other like payments which are paid on a weekly or monthly basis out of necessity could create significant undesirable repercussions if interpreted to become debt only when due. A finding of a preference under some or all of these circumstances could have significant consequences. The Eighth Circuit has recognized these opposing policy considerations when it found that: "This is a difficult issue, and there is precedent on both sides." Jones Truck Lines, 130 F.3d at 329.

However, this Court need not address the entire issue. Within the confines of the narrow issue presented, this Circuit has provided a consistent analysis. This issue was first addressed by this Circuit in Iowa Premium Svc., 695 F.2d at 1111. The Court held that: "Interest is simply rent for the use of money." Id. The majority holding states:

>   We will treat interest obligations like any other debt
>   and hold that a debt for interest payments is incurred
>   on the date upon which the obligor first becomes
>   legally bound to pay that interest.  In this case, the
>   obligor first became legally bound to pay on the date
>   on which the interest accrued.

Id. at 1112.  This ruling was subsequently followed in In re Jones Truck Lines, Inc., 196 B.R. 483, 490 (Bankr. W.D. Ark. 1995), rev'd on other grounds 130 F.3d 323 (8th Cir. 1997), with the same result.  The trial court ruling was appealed to the 8th Circuit Court of Appeals on numerous grounds.  The Circuit Court's ruling did not modify its earlier interpretation of the issue presented here.  Jones Truck Lines, 130 F.3d at 329.  It is clear that interest due on a debt is incurred, for the purposes of this analysis, when the debtor is first legally bound to pay that interest.

   Here, the parties specified in the original agreement when the interest would be payable and the precise amount.  The parties intended that the interest would be paid on a monthly basis.  The amount specified to be due computes to 1/12th of the yearly interest due at a rate of 6% interest.  Debtor made most payments, except for the initial payments, in a timely fashion.  No interest payments were prepaid.  It is the conclusion of this Court that, at the time all of these interest only payments were made, they were made on a debt which Debtor was legally bound to pay.  Based upon the law of this Circuit, the interest payments made constitute "antecedent debt".  The interest payments made in May, June, July, August, September and October, 2005 constitute preferential transfers under 11 U.S.C. § 547(b)(2).

   **WHEREFORE**, the Court finds that Plaintiff's Motion for Partial Summary Judgment must be granted in favor of Plaintiff and against Defendants.

   **FURTHER**, the interest-only payments made by Ann Ashby to John and Corrine Ashby constitute preferential transfers as defined by 11 U.S.C. § 547(b).

   Dated and Entered:  October 26, 2006

/s/ Paul J. Kilburg

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE

7